■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD J. DODSON, Appellant. — Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered May 25, 1982, upon a verdict convicting defendant of the crimes of burglary in the first degree, criminal trespass in the first degree, menacing, aggravated harassment and prohibited use of a weapon. Late in the evening of May 28, 1981, defendant went on a rampage and illegally entered the trailer home of his former employer, Earl Moyer. Awakened by defendant's voice, Moyer went to his living room and saw defendant pointing a rifle at the ceiling and heard defendant demand $1,000 on penalty of killing Moyer. In order to protect himself, Moyer ducked behind a refrigerator, but when he poked his head out he saw the rifle pointed at him. 'The rifle discharged as Moyer jerked his head back behind the refrigerator, but Moyer was not hit. After defendant's repeated demand for $1,000, Moyer wrote him a check in that amount. When it was handed to defendant, he struck Moyer on the chest with the rifle barrel and swung at him with his fist. Although the full force of the blow was deflected, Moyer's watch was broken and his glasses knocked from his face. Before leaving, defendant at first handed the rifle to Moyer, but then demanded it back and Moyer returned it to him. Defendant left in a dark colored station wagon. Moyer called the police and then called defendant's estranged wife to warn her that her husband was on a rampage.

Defendant called Moyer to warn him that he would be killed if he reported the incident. Moyer reported this call to the police and defendant called Moyer again to say he was going to be killed for reporting what had occurred. This time Moyer heard defendant's wife's voice in the background and informed the police that defendant was at her house. Defendant was apprehended there by the police between midnight and 12:30 A.M. Although no other persons were present during these incidents, Moyer's account of these happenings was amply corroborated by the testimony of other witnesses as to his telephone calls, his injuries, the location of the bullet and other matters. Defendant denied the commission of the crimes. He testified to working on a bulldozer with a Charles Mykel until 7:00 P.M. on the evening in question and then making the rounds of a few bars with Mykel and his wife, returning to Mykel's home at about 11:00 P.M. where Mrs. Mykel made sandwiches and coffee, leaving Mykel's at about 11:30 P.M. and going to his wife's home where he was arrested. The Mykels generally corroborated defendant's version. Seven counts of a 15-count indictment were submitted to the jury which found defendant guilty of menacing, burglary in the first degree, criminal trespass in the first degree, prohibited use of a weapon and aggravated harassment. He was acquitted of reckless endangerment and robbery. Defendant was sentenced to three months for menacing, 4 to 12 years for burglary in the first degree, 1 to 5 years for criminal trespass in the first degree, and one year each for aggravated harassment and prohibited use of a weapon, all terms to run concurrently. Additionally, a penalty assessment of $40 each for his conviction of the crimes of menacing, prohibited use of a weapon and aggravated harassment, and $75 each for his conviction of burglary in the first degree and criminal trespass in the first degree was imposed. On this appeal, defendant argues that his convictions for burglary and criminal trespass were not proven beyond a reasonable doubt. We reject this argument for the reason that the jury was presented with two different versions of these events and apparently chose to believe the version offered by the prosecution through the testimony of Moyer and the corroborating witnesses (*People v Kennedy,* 47 NY2d 196, 203). Defendant further claims that his conviction for burglary is not sustainable because he was acquitted of robbery, which includes the crime of larceny, and, therefore, no "intent to commit a crime therein", which is essential for burglary, has been shown. This contention lacks merit since a conviction for burglary only requires proof of a larcenous "intent", not proof of the actual commission of the crime of larceny (*People v Barnes,* 50 NY2d 375, 379). Moyer's testimony of defendant's demand to take $1,000 wrongfully from him, which the jury obviously credited, is sufficient to sustain the "intent" element of defendant's conviction for burglary in the first degree. Therefore, defendant's acquittal of robbery is not repugnant to his conviction of burglary. Furthermore, contrary to defendant's contention, the trial court did not overstep the bounds of judicial propriety in questioning defendant's witness, Mrs. Mykel. The Judge simply cleared the point as to how Mrs. Mykel entered her home that night and that it was her children who let her in. Nor were the court's questions to defendant as to the Florida license plates on his car shown to have been done for any reason except clarification of defense witnesses' testimony (*People v Jamison,* 47 NY2d 882). The court expressed no opinion on the credibility of the witnesses by word or action. In any event, defendant failed to object to the questioning and reversal in the interest of justice is not warranted. Next, we reject defendant's contention that his conviction of criminal trespass in the first degree should be dismissed as a lesser included offense of his conviction of burglary in the first degree (see CPL 300.40, subd 3, par [b]). To determine whether one crime is a lesser included offense of another crime under the test mandated by *People v Glover* (57 NY2d 61), the impossi-

bility element (see CPL 1.20, subd 37) "is determined by a comparative examination of the statutes defining the two crimes, *in the abstract.* * * * Thus, it must now be shown that, in theory, the charged, greater crime could not be .committed without the lesser offense also being committed" (*id.,* at p 64 [emphasis added]). In making this examination where, as here, a statute with multiple subdivisions is involved, the court must look "only to the subdivision which the particular act or omission referred to in the indictment brings into play" (*People v Green,* 56 NY2d 427, 431). To be guilty of criminal trespass in the first degree (Penal Law, § 140.17, subd 1), the perpetrator must knowingly enter or remain unlawfully in a building and possess an explosive or deadly weapon "in the course of committing such crime". A perpetrator is guilty of the type of burglary in the first degree committed by defendant (Penal Law, § 140.30, subd 1) when he knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein and is armed with an explosive or deadly weapon "in effecting entry or while in the dwelling *or in immediate flight therefrom*" (emphasis added). Since it is theoretically possible for a perpetrator to enter or remain unlawfully in a dwelling while unarmed, thereby *not* committing the crime of criminal trespass in the first degree (Penal Law, § 140.17, subd 1) and yet commit the crime of burglary in the first degree by arming himself after leaving the dwelling but in immediate flight therefrom (Penal Law, § 140.30, subd 1), criminal trespass in the first degree as defined in subdivision 1 of section 140.17 of the Penal Law is not a lesser included offense of burglary in the first degree as defined in subdivision 1 of section 140.30.[*] As to defendant's sentences, we find that the trial court did improperly assess fines of $40 and $75 on defendant's convictions. Although we believe section 60.35 of the Penal Law to be a constitutionally permissible enactment by the Legislature, we find that its provisions were applied to defendant's convictions in an unconstitutionally ex post facto manner. Section 60.35 became effective 30 days after April 12, 1982 as a revenue raising measure applicable to taxable years commencing after December 31, 1981. The acts for which defendant was convicted occurred on May 28, 1981. Such application of the statute imposed a "punishment more severe than the punishment assigned by law when the act to be punished occurred" (*Weaver v Graham,* 450 US 24, 30; *Hartung v People,* 22 NY 95). Accordingly, the fines imposed with respect to defendant's convictions should be annulled. We have considered the remaining issues raised by defendant and find that none of them merit discussion. Judgment modified, on the law, by annulling the penalties assessed against defendant pursuant to section 60.35 of the Penal Law, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.

---

[*] We reach this conclusion despite the concession by the People in their brief that criminal trespass in the first degree is a lesser included offense of burglary in the first degree since we are not bound by erroneous concessions of legal principles.