■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BROWN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered January 9, 1984, convicting defendant, upon his plea of guilty, of two counts of the crime of criminal sale of a controlled substance in the second degree.

On this appeal, defendant contends, first, that the sentence imposed was unduly harsh and excessive and, second, that the imposition of a mandatory surcharge was violative of his constitutional equal protection rights for the reason that he was indigent. The first contention is apparently bottomed on the fact that, in spite of his assurance of complete cooperation in any further related investigation or prosecution, he was not granted his hoped-for sentence of lifetime probation as permitted by section 65.00 of the Penal Law. Defendant contends that because he promised to cooperate, he was entitled to that sentence and the trial court's failure to impose it was an abuse of discretion. This view overlooks the fact that one of the predicates for such a disposition is a recommendation from the District Attorney. No such recommendation was made, promised for or suggested in any manner in the plea bargain agreement, which specifically and unequivocally called for a sentence with a minimum of three years and a maximum of life imprisonment. Nor was there any mention of such a disposition in the extended colloquies between defendant and the court. In addition, no extraordinary circumstances evincing an abuse of discretion have been demonstrated which would warrant our interference with the sentence imposed (*People v Farrar,* 52 NY2d 302, 305; *People v Miller,* 74 AD2d 961).

We likewise find no merit to defendant's second contention. This court has recently concluded that section 60.35 of the Penal Law was a constitutionally permissible enactment by the Legislature (*People v Dodson,* 96 AD2d 1116, 1118).

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.