■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT LEROY CLARK, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 30, 1984, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree.

Defendant claims on this appeal that the trial court abused its discretion in ruling on his *Sandoval* motion. That motion was made orally by defendant subsequent to the jury selection and prior to opening statements. The record reveals that defendant had been convicted of two illegal sales of alcoholic beverages in 1972, and that in the same year defendant was arrested in California on three separate occasions. The court ruled that questioning of these events on cross-examination would be impermissible if defendant testified on his own behalf. A 1973 conviction of obstruction of governmental administration was also ruled inadmissible and the prosecution agreed not to cross-examine concerning it. The prosecution further agreed not to cross-examine concerning a 1974 conviction of criminal possession of a controlled substance because of the similarity of that conviction to the crime charged, and agreed not to cross-examine about defendant's arrest for the crime of menacing in 1983. The court also ruled a 1978 conviction of disorderly conduct inadmissible.

By further ruling, the trial court permitted a 1975 conviction of possession of a forged instrument, 1975 convictions of burglary in the third degree and petit larceny, and a 1983 conviction of resisting arrest to be utilized on cross-examination if defendant elected to testify. Defendant did so testify on his own behalf, so our review is limited to the prejudicial effect that the prosecutor's permitted cross-examination about the unrelated crimes might have had on the minds of the jury.

In the circumstances, we find the discretion of the trial court to have been carefully and properly exercised, especially since the jury was cautioned that the convictions were to be considered only on the issue of defendant's credibility. Contrary to defendant's contention, we do not find the 1975 convictions so remote as to require their suppression.

Upon conviction, defendant received an indeterminate prison sentence of 2 to 4 years. Additionally, the trial court

imposed a mandatory surcharge of $75 under Penal Law § 60.35. The imposition of this surcharge was mandatory and constitutional *(People v Dodson,* 96 AD2d 1116, 1118). The judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.