■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CRIDELLE, Appellant. [724 NYS2d 375] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered October 25, 1999, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of multiple charges, including five counts of burglary in the second degree, defendant entered a plea of guilty to one count of burglary in the second degree and, pursuant to the plea bargain, he executed a written waiver of the right to appeal. He was thereafter sentenced to the agreed-upon prison term of 4 to 8 years. On this appeal, defendant claims that his waiver of the right to appeal was not knowing and voluntary and that the sentence was harsh and excessive.

The record demonstrates that, while represented by counsel, defendant reviewed, understood and willingly agreed to the terms of the written waiver of the right to appeal that he executed and, therefore, the absence of an on-the-record inquiry into the voluntariness of the waiver does not affect its validity (see, People v Shea, 254 AD2d 512). Moreover, although the waiver was ineffective to the extent that it precluded appellate review of claims that are not subject to a waiver of the right to appeal (see, People v Denis, 276 AD2d 237, 247), defendant's challenge to the severity of the sentence is not one of those claims (see, People v Hidalgo, 91 NY2d 733).

Even if we were to consider the merits of defendant's challenge to the sentence, we would affirm the judgment. Considering defendant's criminal history, the benefit he received from the plea bargain, which resulted in the dismissal of a number

of serious charges, and his agreement to the sentence, which was within the statutory guidelines, we see neither an abuse of discretion nor any extraordinary circumstances which would warrant reduction of the sentence in the interest of justice (*see, People v Durrence*, 244 AD2d 728, *lv denied* 91 NY2d 925).

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.