■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON UMBER, Appellant. [769 NYS2d 632]—

Rose, J. Appeals (1) from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 2, 2000, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts), burglary in the first degree (three counts), burglary in the second degree (three counts), robbery in the first degree (three counts), robbery in the second degree, attempted arson in the first degree and arson in the second degree, and (2) by permission, from an order of said court, entered December 16, 2002, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

The essential facts underlying the charges to which defendant pleaded guilty are recounted in our prior decision affirming the conviction of codefendant George Johnson (*People v Johnson*, 303 AD2d 903, 907-908 [2003], *lv denied* 100 NY2d 539 [2003]). Pursuant to his pleas, defendant executed written waivers of his right to appeal, testified for the prosecution at Johnson's trial and the sentencing of another accomplice, and was later sentenced to terms aggregating 40 years to life in prison. Two years later, defendant moved pursuant to CPL 440.10 and 440.20 to, among other things, vacate his sentence and be resentenced to a determinate prison term not exceeding 40 years. County Court denied defendant's motion, prompting his appeal from the judgment of conviction and the order denying his motion.

Defendant initially argues that his waiver of the right to appeal is void because the written waiver he executed specifically included issues, such as speedy trial and sentence legality, that the courts of New York have held to be unwaivable (*see e.g. People v Muniz*, 91 NY2d 570, 574 [1998]). We disagree. While it is correct that a waiver is not effective as to those issues, the remainder of the written waiver here is, nonetheless, effective and enforceable (*see People v Cridelle*, 283 AD2d 775, 775 [2001]). Further, since suppression rulings are waivable (*see e.g. People v Kemp*, 94 NY2d 831, 833 [1999]), we conclude that defendant waived his right to appeal County Court's denial of his preconviction motion to suppress statements made while in police custody.

Defendant also argues that his guilty pleas were not knowingly and voluntarily made because he believed that his aggregate sentence would not exceed a 40-year determinate term and, thus, County Court erred in denying his motion for resentencing. Our review of the record, however, reveals no evidence that defendant ever reasonably believed that his sentence would be anything other than an indeterminate term of 40 years to life. The only incident cited by defendant to support his claim is County Court's statement during the plea hearing that "the maximum sentence . . . would be a total of 40 years." In its decision and order denying defendant's postconviction motion, however, County Court explained that this statement was made solely in reference to the nonhomicide charges. The balance of the record contains numerous instances when defendant either stated, or was clearly informed, that the agreed-upon maximum sentence on the homicide charges would be 40 years to life. Accordingly, denial of defendant's motion was proper (*see People v Benitez*, 290 AD2d 363, 364-365 [2002], *lvs denied* 98 NY2d 673, 679 [2002]).

Defendant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.