■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHERINE WAGONER, Appellant. [777 NYS2d 522]—

Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered June 4, 2002,

convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of a three-count indictment. As part of the plea, defendant executed a comprehensive written waiver of the right to appeal. In addition to enumerating specific rights, the waiver contained a catch-all provision stating that defendant waived "[a]ny other matters which [she] may . . . appeal as of right or otherwise." Defendant was thereafter sentenced, in accordance with the plea agreement, to 2 to 6 years in prison. She now appeals.

Defendant initially contends that the waiver is void in its entirety because its catch-all language encompassed issues that are nonwaivable. We find this argument to be without merit. Where a waiver of the right to appeal encompasses issues that are nonwaivable, this Court has excluded such issues from the scope of the waiver but otherwise upheld its validity (*see People v Umber*, 2 AD3d 1051, 1052 [2003]; *People v Cridelle*, 283 AD2d 775, 775 [2001]). Defendant's reliance on *People v Muniz* (91 NY2d 570 [1998]) is misplaced. Contrary to defendant's argument, that case does not require that a waiver *expressly* preserve a defendant's right to appeal all nonwaivable claims (*see id.* at 574). Inasmuch as the plea and waiver were entered into by defendant knowingly, voluntarily and intelligently, the waiver is valid and enforceable.

Defendant's challenge to the severity of the sentence is precluded by her valid waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Shaw*, 309 AD2d 1074 [2003], *lv denied* 1 NY3d 601 [2004]). In any event, were we to consider this claim, we would find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Sampson*, 301 AD2d 677, 678 [2003]; *People v Teague*, 295 AD2d 813, 815 [2002], *lv denied* 98 NY2d 772 [2002]).

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the judgment is affirmed.