■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT R. BISHOP, Appellant. [777 NYS2d 785]—Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered March 13, 2003, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant waived indictment and pleaded guilty to attempted burglary in the third degree as charged in a superior court information. In exchange for his plea, defendant was to be sentenced to no more than 1 to 3 years in prison. In addition, he executed a comprehensive written waiver of the right to appeal. After reviewing the presentence investigation report, County Court sentenced defendant to 1 to 3 years in prison, with the recommendation that he be allowed to participate in the shock incarceration program. He now appeals.

Defendant contends that the written waiver of the right to appeal is wholly defective because it included issues that are not subject to waiver, such as the legality of the sentence. We find this contention unpersuasive. This Court has held that while a broad waiver is ineffective as to those issues which are legally unwaivable, the remainder of such a waiver is valid and enforceable with respect to other issues encompassed thereby (*see People v Umber*, 2 AD3d 1051, 1052 [2003], *lv denied* 2 NY3d 747 [2004]; *People v Cridelle*, 283 AD2d 775, 775 [2001]). We find no reason, as urged by defendant, to reconsider our holding in *People v Umber* (*supra*). Notably, defendant does not challenge the legality of the sentence, but rather its severity. The record reveals that the plea and waiver were entered knowingly, voluntarily and intelligently. Consequently, defendant is precluded by the waiver from now asserting that the sentence is harsh and excessive (*see People v Shaw*, 309 AD2d 1074 [2003], *lv denied* 1 NY3d 601 [2004]; *People v Echandy*, 306 AD2d 693, 694 [2003], *lv denied* 100 NY2d 620 [2003]).

Mercure, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.