■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE A. LAWRENCE, Appellant. [783 NYS2d 704]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 18, 2001, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with assault in the second degree. Under the terms of the plea agreement, defendant would plead guilty to this charge in satisfaction of the superior court information, as well as an unrelated robbery charge. In addition, he agreed to waive his right to appeal. Defendant was to receive a sentence of up to five years in prison, to be followed by a five-year period of postrelease supervision. Defendant pleaded guilty to the charge and waived his right to appeal, however, he moved to withdraw his plea at sentencing. County Court denied the motion and sentenced him to five years in prison, to be followed by a five-year period of postrelease supervision. Defendant appeals.

Initially, we note that whether to allow a defendant to withdraw a guilty plea rests within the sound discretion of the trial court (*see People v Griffin*, 4 AD3d 674, 675 [2004]). A defendant generally will not be permitted to withdraw a plea absent some evidence of innocence, fraud or mistake in the inducement (*see People v Zakrzewski*, 7 AD3d 881, 881 [2004]; *People v Davis*, 250 AD2d 939, 940 [1998]). Here, defendant contends that he was misled into entering the plea by County Court's promise to reduce the sentence to less than five years in prison if he cooperated with the police in providing information concerning another criminal matter. He maintains that he cooperated with the police but was not afforded a reduction in his sentence. A review of the transcript of the plea proceedings, however, does not reveal that County Court made any promise concerning a reduction in the sentence if defendant furnished useful information to the police. To the contrary, the court

specifically stated on the record that it was "making no promises that [the sentence] would be one second short of five years." Inasmuch as no promise was made with respect to a reduction in the sentence (*see e.g. People v Brown*, 105 AD2d 509 [1984]), County Court did not violate the plea agreement by sentencing defendant to a five-year prison term and defendant did not establish that he was misled into entering the plea. Furthermore, defendant's challenge to the severity of the sentence will not be reviewed in light of his knowing, voluntary and intelligent waiver of his right to appeal (*see People v Bishop*, 8 AD3d 691, 691 [2004]; *People v Angus*, 303 AD2d 829, 830 [2003], *lv denied* 100 NY2d 536 [2003]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.