■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RHONDA NICKELL, Appellant. [853 NYS2d 432]—

Spain, J.

In satisfaction of a three-count indictment, defendant pleaded guilty to the crime of robbery in the second degree and was sentenced to, among other things, the bargained-for term of imprisonment of eight years to be followed by five years of postrelease supervision. Additionally, defendant waived her right to appeal both orally and in writing. The charges arose from

defendant's role as the getaway driver during the armed robbery of a restaurant in the Town of Amsterdam, Montgomery County. Claiming that her appeal waiver was invalid and her sentence was harsh and excessive, defendant now appeals and we affirm.

Defendant claims that her waiver of appeal was invalid because, at the time of her appeal waiver, County Court did not expressly distinguish between those appellate issues that are encompassed by a valid waiver and those that survive such a waiver. It is well settled that " 'trial courts are not required to engage in any particular litany during an allocution' " in order to obtain a valid waiver of a plethora of rights (*People v Kemp*, 94 NY2d 831, 833 [1999], quoting *People v Moissett*, 76 NY2d 909, 910-911 [1990]; *see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Muniz*, 91 NY2d 570, 574-575 [1998]). Under this guiding principle, trial courts need not expressly delineate for a defendant those appellate issues that are foreclosed by a waiver of the right to appeal, and those that survive, in order for the court to obtain a valid appeal waiver (*see People v Kemp*, 94 NY2d at 833; *People v Hidalgo*, 91 NY2d at 737; *People v Muniz*, 91 NY2d at 574-575; *People v Wagoner*, 6 AD3d 985, 986 [2004]; *People v Umber*, 2 AD3d 1051, 1052 [2003], *lv denied* 2 NY3d 747 [2004]). As a result, the basis for defendant's claim of invalidity is unavailing. Consequently, inasmuch as defendant's waiver of her right to appeal was knowingly, intelligently and voluntarily made, she is precluded from asserting her claim that her sentence is harsh and excessive (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Hidalgo*, 91 NY2d at 736-737; *People v Hopkins*, 46 AD3d 1107, 1108 [2007]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.