# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**248**
**KA 09-01869**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WILLIAM LIGGINS, DEFENDANT-APPELLANT.

---

JAMES A. BAKER, ITHACA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated August 6, 2009. The order denied the motion of defendant pursuant to CPL 440.10 to vacate the judgment convicting him of murder in the second degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: We previously reversed an order denying without a hearing defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2]), and we remitted the matter for a hearing on defendant's contention that he was denied effective assistance of counsel (*People v Liggins*, 56 AD3d 1265). Following that hearing on remittal, County Court denied defendant's motion. We affirm.

"In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404). Here, defendant pleaded guilty to the murder count in satisfaction of the indictment, which also charged him with criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]). He was convicted as a juvenile offender and received the minimum sentence of incarceration of five years to life in accordance with the plea agreement (*see* § 70.05 [2] [a]; [3] [a]). The record establishes that the 15-year-old defendant fired a weapon six times at a speeding vehicle on a residential street at approximately 6:00 on a summer evening, after the driver failed to pay for drugs sold to him by defendant. Only one bullet struck the vehicle, which was just over 260 feet from defendant, and it then struck the driver, killing him.

Contrary to defendant's contention, the failure of defense counsel to make pretrial motions did not deprive him of meaningful representation.  The record establishes that the plea offer would be available only for approximately two weeks following defendant's arraignment on the indictment and that defense counsel engaged in a thorough investigation of the facts and the evidence against defendant.  Upon researching the law in light of the facts and evidence against defendant, defense counsel assessed the likelihood of success of motions to dismiss or reduce the indictment and to suppress defendant's statement to the police as well as the weapon that was recovered.  Defense counsel also assessed the likelihood that defendant would be acquitted after a trial of the murder count, and would instead be convicted of the lesser included offense of manslaughter in the second degree (*see* § 125.15 [2]).  As the court properly determined following the hearing on defendant's CPL 440.10 motion, defense counsel's determination that an acquittal of the murder count was unlikely is supported both by the record and the standard for depraved indifference murder applicable at the time of the offense (*see People v Register*, 60 NY2d 270, 276, *cert denied* 466 US 953; *cf. People v Feingold*, 7 NY3d 288).  We therefore agree with the court that defendant received meaningful representation (*see Ford*, 86 NY2d at 404; *People v Colon*, 72 AD3d 558, *lv denied* 15 NY3d 850).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court