# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**177**

**KA 10-00022**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ARRON W. LEWANDOWSKI, DEFENDANT-APPELLANT.

---

MICHAEL A. ROSENHOUSE, ROCHESTER, FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 9, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the third degree (Penal Law §§ 110.00, 140.20), defendant contends that the photo array was unduly suggestive. Defendant "forfeited the right to raise [that contention on appeal] because he pleaded guilty before [County Court] issued its suppression ruling" (*People v Fifield*, 24 AD3d 1221, 1222, *lv denied* 6 NY3d 775). In any event, defendant failed to preserve his contention for our review, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Magin*, 1 AD3d 1024).

Defendant's challenge to the factual sufficiency of the plea allocution is encompassed by his valid waiver of the right to appeal (*see People v Grimes*, 53 AD3d 1055, 1056, *lv denied* 11 NY3d 789). In any event, defendant failed to preserve that challenge for our review by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665). Although defendant's further contention that he is innocent and that his plea was coerced by defense counsel survives his valid waiver of the right to appeal (*see People v Wright*, 66 AD3d 1334, *lv denied* 13 NY3d 912), that contention is also unpreserved for our review (*see People v Lando*, 61 AD3d 1389, *lv denied* 13 NY3d 746). This case does not fall within the rare exception to the preservation rule set forth in *Lopez* (71 NY2d at 666), inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the

plea (*see People v Loper*, 38 AD3d 1178, 1179).  In any event, "defendant's assertions of innocence and coercion [are] conclusory and belied by [his] statements during the plea colloquy" (*Wright*, 66 AD3d at 1334).

The contention of defendant that he was denied effective assistance of counsel does not survive the plea or his valid waiver of the right to appeal because defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773 [internal quotation marks omitted]). In any event, the record establishes that defendant received meaningful representation (*see generally People v Ford*, 86 NY2d 397, 404).

Finally, defendant failed to preserve for our review his further contention that he was arrested without probable cause (*see People v Ojo*, 43 AD3d 1367, 1368, *lv denied* 10 NY3d 769, 11 NY3d 792), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court