Since defendant did not move to withdraw his plea prior to sentencing, and since there is nothing in his plea allocution that would cast doubt on his guilt or otherwise call into question the voluntariness of his plea (see People v Toxey, 86 NY2d 725 [1995]), the court was under no obligation to conduct a sua sponte inquiry into statements he made to the probation officer preparing the presentence report (see e.g. People v Pantoja, 281 AD2d 245 [1st Dept 2001], lv denied 96 NY2d 905 [2001]). In any event, the statements at issue in the presentence report do *436 not contradict defendant’s plea allocution or negate any element of the crime.
Defendant’s pro se ineffective assistance of counsel claim would require a CPL 440.10 motion to expand the record (see People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; Strickland v Washington, 466 US 668 [1984]).
We have examined defendant’s remaining pro se arguments, and find them to be without merit. Concur — Gonzalez, RJ., Saxe, DeGrasse, Freedman and Román, JJ.