■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH GRUBER, Appellant. [969 NYS2d 586]—Lahtinen, J.P. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 2, 2011, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Following his December 2009 arrest resulting from a one-car accident in which defendant crashed his car into a stone wall, he pleaded guilty to driving while intoxicated and waived his right to appeal. The comprehensive appeal waiver, among other things, provided that defendant was waiving his right to "any other matters which I may have an appeal as of right or otherwise in any State or Federal Court." Thereafter, defendant was sentenced to, as relevant here, the agreed-upon prison term of 1⅓ to 4 years. Defendant now appeals.

We affirm. To the extent that defendant challenges the voluntariness of his plea, such challenge is not preserved for this Court's review inasmuch as the record does not indicate that he has moved to withdraw his plea or vacate the judgment of conviction (*see People v Revette*, 102 AD3d 1065, 1065 [2013]; *People v Secore*, 102 AD3d 1057, 1058 [2013]). Furthermore, as defendant made no statements that cast doubt upon his guilt or called into question the voluntariness of his plea, the narrow exception to the preservation requirement is not implicated (*see People v Secore*, 102 AD3d 1059, 1060 [2013]; *People v Williams*,

102 AD3d 1055, 1056 [2013]). Were we to consider defendant's argument that his plea was rendered involuntary because the appeal waiver purported to contain nonwaivable rights, we would find it to be unavailing. Where an appeal waiver encompasses nonwaivable issues, those issues are excluded from the scope of the waiver and it fails to render the rest of the waiver invalid, much less implicate the voluntariness of a defendant's plea (*see People v Neal*, 56 AD3d 1211, 1211 [2008], *lv denied* 12 NY3d 761 [2009]; *People v Norton*, 9 AD3d 741, 742 [2004]; *People v Wagoner*, 6 AD3d 985, 986 [2004]). Finally, defendant's contention that he received the ineffective assistance of counsel is similarly unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Williams*, 101 AD3d 1174, 1174 [2012]).

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.