Garry, J.
Defendant waived indictment and was charged in two superior court informations with reckless endangerment in the first degree, stemming from a high speed chase involving multiple police agencies at speeds in excess of 110 miles per hour through the Towns of Fallsburg and Mamakating in Sullivan County. Pursuant to a negotiated plea agreement, defendant pleaded guilty to both crimes in exchange for a sentence of six months in jail followed by five years of probation, which included a three- to six-month inpatient treatment program. Defendant also waived his right to appeal as part of the plea agreement. Thereafter, defendant absconded from the treatment program and failed to appear for sentencing, after which County Court imposed an enhanced sentence of 2Vs to 7 years in prison on each count, to run concurrently, with a recommendation for participation in the shock treatment program. Defendant appeals.
We affirm. Initially, to the extent that defendant contends that his waiver of appeal was invalid, we find this argument *1350 unavailing. While County Court should have been more thorough in distinguishing the right to appeal from other rights relinquished during the allocution, the written waiver executed by defendant and his counsel and approved by the court also acknowledged defendant’s right to appeal, indicated that he had discussed the waiver and its consequences with counsel, and affirmed that he was voluntarily waiving the right (see People v White, 96 AD3d 1299, 1299-1300 [2012], lv denied 19 NY3d 1029 [2012]; People v McCaskill, 76 AD3d 751, 752 [2010]). To the extent that the waiver encompassed any nonwaivable issues, they are simply excluded from its scope and the balance of the waiver remains valid (see People v Gruber, 108 AD3d 877, 878 [2013]; People v Neal, 56 AD3d 1211, 1211 [2008], lv denied 12 NY3d 761 [2009]).
Defendant’s challenge to the voluntariness of his plea and his argument that he was denied the effective assistance of counsel are unpreserved for our review inasmuch as the record does not reflect that he moved to withdraw his plea or vacate the judgment of conviction (see People v Sylvan, 107 AD3d 1044, 1045-1046 [2013]; People v Ladieu, 105 AD3d 1265, 1265-1266 [2013], lv denied 21 NY3d 1017 [2013]). As nothing in the record casts doubt upon defendant’s guilt, the narrow exception to the preservation requirement is not implicated here (see People v Cruz, 104 AD3d 1022, 1023 [2013]; People v Revette, 102 AD3d 1065, 1065-1066 [2013]). Likewise, defendant’s contention that he should have been allowed the opportunity to withdraw his plea prior to the imposition of an enhanced sentence has not been preserved by his failure to object to the enhanced sentence or move to withdraw his plea (see People v Gilbert, 106 AD3d 1133, 1133 [2013]; People v DePalma, 99 AD3d 1116, 1116-1117 [2012], lv denied 20 NY3d 1010 [2013]).
Defendant’s remaining contentions have been considered and found to be without merit.
Rose, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.