# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

KA 12-01757
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KEVIN MILON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 4, 2012. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Erie County Court for the filing of a predicate felony offender statement and resentencing.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that the waiver of the right to appeal does not encompass his challenge to the severity of the sentence because "[t]he plea colloquy fails to establish that defendant knowingly and intelligently waived [his] right to appeal the severity of [his] sentence" (*People v Maracle*, 19 NY3d 925, 927). We nevertheless reject defendant's contention that the sentence is unduly harsh and severe. We note, however, that the record reflects that defendant is a predicate felon and thus the People were required to file a predicate felony offender statement in accordance with CPL 400.21 and, if appropriate, County Court was required to sentence defendant as a second felony offender (*see People v Stubbs*, 96 AD3d 1448, 1450, *lv denied* 19 NY3d 1001). Because we cannot permit an illegal sentence to stand (*see id.*), we modify the judgment by vacating the sentence, and we remit the matter to County Court for the filing of a predicate felony offender statement and resentencing in accordance with the law (*see id.*).

Entered: February 7, 2014                    Frances E. Cafarell
                                             Clerk of the Court