SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**697**
**KA 13-00863**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SCOTT ARNEY, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 7, 2013. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of assault in the second degree (Penal Law § 120.05 [1]). We reject defendant's contention that his waiver of the right to appeal was invalid. "County Court's plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Buske*, 87 AD3d 1354, 1354, *lv denied* 18 NY3d 882 [internal quotation marks omitted]). Defendant's further contention that "the court erred in failing sua sponte to inquire into his state of intoxication at the time of the commission of the crime is actually a challenge to the factual sufficiency of the plea allocution, and it is well settled that defendant's valid waiver of the right to appeal encompasses that challenge" (*People v Zimmerman*, 100 AD3d 1360, 1361, *lv denied* 20 NY3d 1015). In any event, "[t]he issue of intoxication was raised by [defendant] for the first time in the presentence interview, and thus the court had no duty to make further inquiry at the time of the plea based on information in the presentence report" (*People v Jordan*, 292 AD2d 860, 861, *lv denied* 98 NY2d 698; *see People v Espinal*, 99 AD3d 435, 435, *lv denied* 20 NY3d 986). Because nothing in defendant's plea allocution cast doubt on the voluntariness of his plea and inasmuch as defendant made no motion to withdraw his plea, defendant's contention is unpreserved for our review (*see People v Lopez*, 71 NY2d 662, 665).

Although defendant's further contention that he is innocent survives his valid waiver of the right to appeal (*see People v Lewandowski*, 82 AD3d 1602, 1602; *see also People v Franco*, 104 AD3d 790, 790; *People v*

*Wright*, 66 AD3d 1334, 1334, *lv denied* 13 NY3d 912), that contention is also unpreserved for our review (*see Lewandowski*, 82 AD3d at 1602). In any event, defendant's assertion of innocence is conclusory and belied by his statements during the plea colloquy (*see id.; Wright*, 66 AD3d at 1334).

We further conclude that the contention of defendant that he was denied effective assistance of counsel "does not survive the plea or his valid waiver of the right to appeal because defendant 'failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance' " (*Lewandowski*, 82 AD3d at 1602-1603). " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (*People v Liggins*, 82 AD3d 1625, 1625, *lv denied* 17 NY3d 797, quoting *People v Ford*, 86 NY2d 397, 404). Here, defendant failed to assert his innocence or raise a possible intoxication defense at sentencing when given the opportunity to address the court and, given the favorable plea negotiated by defense counsel, which significantly reduced his sentencing exposure, we conclude that defendant was afforded meaningful representation (*see People v Neil*, 112 AD3d 1335, 1336).

Finally, we agree with defendant that "the waiver of the right to appeal does not encompass his challenge to the severity of the sentence because 'no mention was made on the record during the course of the allocution concerning the waiver of defendant's right to appeal' with respect to his conviction that he was also waiving his right to appeal any issue concerning the severity of the sentence" (*People v Peterson*, 111 AD3d 1412, 1412; *see People v Maracle*, 19 NY3d 925, 927-928; *People v Milon*, 114 AD3d 1130, 1131). Nor is the deficiency in the allocution cured by defendant's written waiver of the right to appeal (*see People v Ramos-Roman*, 112 AD3d 1364, 1364; *People v Pimentel*, 108 AD3d 861, 862, *lv denied* 21 NY3d 1076; *see generally Maracle*, 19 NY3d at 927-928). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered:  August 8, 2014                     Frances E. Cafarell
                                             Clerk of the Court