# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1020

KA 12-02052

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

TAROY WILLIAMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 29, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant's contention, his waiver of the right to appeal is valid (*see generally People v Lopez*, 6 NY3d 248, 256; *People v Weinstock*, 129 AD3d 1663, 1663; *People v Smith*, 122 AD3d 1300, 1301, *lv denied* 25 NY3d 1172). The "plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Arney*, 120 AD3d 949, 949 [internal quotation marks omitted]; *see People v Buske*, 87 AD3d 1354, 1354, *lv denied* 18 NY3d 882). We reject defendant's further contention that the written waiver of appeal is unenforceable because it contained certain nonwaivable rights. "Any nonwaivable [rights] purportedly encompassed by the waiver 'are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable' " (*People v Neal*, 56 AD3d 1211, 1211, *lv denied* 12 NY3d 761; *see People v Henion*, 110 AD3d 1349, 1350, *lv denied* 22 NY3d 1088; *People v Gruber*, 108 AD3d 877, 878, *lv denied* 22 NY3d 956; *People v Umber*, 2 AD3d 1051, 1052, *lv denied* 2 NY3d 747). Defendant's valid waiver of the right to appeal encompasses his challenge to Supreme Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833; *People v Braxton*, 129 AD3d 1674, 1675; *People v Putnam*,

50 AD3d 1514, 1514, *lv denied* 10 NY3d 963).

Entered:  October 2, 2015                    Frances E. Cafarell
                                            Clerk of the Court