Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 29, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). Contrary to defendant’s contention, his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]; People v Weinstock, 129 AD3d 1663, 1663 [2015]; People v Smith, 122 AD3d 1300, 1301 [2014], lv denied 25 NY3d 1172 [2015]). The “plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty” (People v Arney, 120 AD3d 949, 949 [2014] [internal quotation marks omitted]; see People v Buske, 87 AD3d 1354, 1354 [2011], lv denied 18 NY3d 882 [2012]). We reject defendant’s further contention that the written waiver of appeal is unenforceable because it contained certain nonwaivable rights. “Any nonwaivable [rights] purportedly encompassed by the waiver ‘are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable’ ” (People v Neal, 56 AD3d 1211, 1211 [2008], lv denied 12 NY3d 761 [2009]; see People v Henion, 110 AD3d 1349, 1350 [2013], lv denied 22 NY3d 1088 [2014]; People v Gruber, 108 AD3d 877, 878 [2013], lv denied 22 NY3d 956 [2013]; People v Umber, 2 AD3d 1051, 1052 [2003], lv denied 2 NY3d 747 [2004]). Defendant’s valid waiver of the right to appeal encompasses his challenge to Supreme Court’s suppression ruling (see People v Kemp, 94 NY2d 831, 833 [1999]; People v Braxton, 129 AD3d 1674, 1675 *1292 [2015]; People v Putnam, 50 AD3d 1514, 1514 [2008], lv denied 10 NY3d 963 [2008]).
Present — Centra, J.P., Peradotto, Carni, Whalen and DeJoseph, JJ.