People v Petrangelo (2018 NY Slip Op 02074)





People v Petrangelo


2018 NY Slip Op 02074


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


325 KA 17-01595

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL PETRANGELO, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered May 23, 2016. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [2]). County Court imposed a split sentence of 90 days of local incarceration and a term of probation of unspecified length. Contrary to defendant's contention, the record establishes that he validly waived his right to appeal (see People v Ripley, 94 AD3d 1554, 1554 [4th Dept 2012], lv denied 19 NY3d 976 [2012]; People v Wagoner, 6 AD3d 985, 986 [3d Dept 2004]; see generally People v Lopez, 6 NY3d 248, 256 [2006]), and we are thereby foreclosed from reaching his suppression claims (see People v Sanders, 25 NY3d 337, 342 [2015]). Defendant's challenge to the voluntariness of his plea is not preserved for our review, and the narrow exception to the preservation requirement does not apply (see People v Leach, 26 NY3d 1154, 1154 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
Although not raised by the parties, we note that the judgment must be modified by vacating the sentence and the matter must be remitted to County Court for resentencing because the court did not specify the length of the term of probation (see People v Sacco, 294 AD2d 452, 453 [2d Dept 2002]; see generally CPL 380.20; Penal Law
§§ 60.01 [2] [d]; 65.00 [3] [a] [i]). Thus, defendant's challenge to
his sentence is academic.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court