People v Stendardo (2019 NY Slip Op 00793)





People v Stendardo


2019 NY Slip Op 00793


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1424 KA 14-01179

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY C. STENDARDO, III, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered March 6, 2014. The judgment convicted defendant, upon his plea of guilty, of possessing a sexual performance by a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of possessing a sexual performance by a child (Penal Law § 263.16) in satisfaction of an indictment charging him with 40 counts of that crime. Pursuant to the terms of the plea agreement, County Court sentenced defendant to a 10-year term of probation. Defendant contends that, as a result of brain damage that he allegedly sustained, his plea was not knowingly and voluntarily entered. Because defendant did not move to withdraw the plea or to vacate the judgment of conviction on that ground, his contention is not preserved for our review (see People v Brown, 115 AD3d 1204, 1205 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]; People v Davis, 45 AD3d 1357, 1357-1358 [4th Dept 2007], lv denied 9 NY3d 1005 [2007]).
Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]) "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (People v Lewandowski, 82 AD3d 1602, 1602 [4th Dept 2011]). In any event, we note that the court conducted further inquiry to ensure that the plea was knowingly and voluntarily entered (see Lopez, 71 NY2d at 666; People v Wilkes, 160 AD3d 1491, 1492 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Indeed, during the plea colloquy, the court specifically addressed the issues relating to defendant's cognitive functioning, as referenced in the preplea investigation report prepared by the Probation Department, and, in response to the court's inquiries, both defendant and defense counsel indicated that defendant's medical condition did not affect his ability to understand the proceedings.
We also reject defendant's contention that defense counsel was ineffective for failing to advise him of the mental disease or defect defense under Penal Law § 40.15 because there is no indication in the record that he suffered from a mental disease or defect as defined in that statute. Based on our review of the record, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Indeed, despite seemingly strong evidence of guilt on all 40 counts of the indictment, defense counsel negotiated a plea agreement whereby defendant was permitted to plead guilty to only one count and was sentenced to a term of probation, rather than a term of incarceration.
Finally, because there is no indication in the record that defendant suffered from a mental disease or defect as defined in Penal Law § 40.15, we reject defendant's contention that the court was obligated to advise him of that potential defense during the plea colloquy.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court