FOURTH DEPARTMENT, JUNE, 2006

(June 9, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. FULTON, Appellant. [815 NYS2d 846]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 22, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). Defendant contends that his plea was not knowingly, voluntarily and intelligently entered because he was advised at the time of the plea that he would be subject to a period of postrelease supervision of $2^{1}/_{2}$ years, but County Court imposed a five-year period of postrelease supervision at the time of sentencing. Although "the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]), here defendant was advised of the five-year period of postrelease supervision when he was sentenced (*cf. People v Simpson*, 30 AD3d 1112 [2006]). Because defendant did not object when the sentence was imposed or thereafter move to withdraw his plea or to vacate the judgment of conviction, he failed to preserve his contention for our review (*see People v Vance*, 27 AD3d 1015 [2006]).

By pleading guilty, defendant forfeited his further contention that the court erred in refusing to reopen the *Wade* hearing because an eyewitness recanted her identification of defendant and there was no showing that she had an independent basis for her identification (*see People v Petgen*, 55 NY2d 529, 532 [1982], *rearg denied* 57 NY2d 674 [1982]). In any event, the court did not abuse its discretion in refusing to reopen the hearing (*see People v Fuentes*, 53 NY2d 892 [1981]). Defendant's remaining contention concerning the alleged factual insufficiency of the plea allocution is unpreserved for our review (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), and this case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). We have considered defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.