# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

766
KA 11-01474
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

DAVID J. WEINSTOCK, DEFENDANT-APPELLANT.

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

DAVID J. WEINSTOCK, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered May 12, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]). We reject defendant's contention in his main and pro se supplemental briefs that his waiver of the right to appeal was invalid. We agree with defendant that County Court's statement to defendant that, "by pleading guilty, [he was] giving up [his] right to allege that the police unlawfully collected evidence or did anything else illegal" was misleading insofar as it improperly implied that defendant's right to challenge the court's suppression ruling on appeal was forfeited upon entry of the guilty plea (*see People v Braxton*, ___ AD3d ___, ___ [June 19, 2015]; *see generally People v Moyett*, 7 NY3d 892, 892-893; *People v Billingslea*, 6 NY3d 248, 257). "Nevertheless, we conclude that [the court's] plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Braxton*, ___ AD3d at ___ [internal quotation marks omitted]; *see People v Buske*, 87 AD3d 1354, 1354, *lv denied* 18 NY3d 882). That valid waiver of the right to appeal encompasses his contention that the court erred in refusing to suppress identification testimony (*see People v Jenkins*, 117 AD3d 1528, 1529, *lv denied* 23 NY3d 1063). By pleading guilty, moreover, defendant forfeited his further contention that the court erred in refusing to reopen the *Wade* hearing (*see People v Fulton*, 30 AD3d 961, 962, *lv denied* 7 NY3d 789).

Contrary to the contentions in defendant's main and pro se supplemental briefs, the court afforded him a reasonable opportunity to advance the claims in his pro se motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520, 525; *People v Tinsley*, 35 NY2d 926, 927), and "the court did not abuse its discretion in discrediting those claims" (*People v Merritt*, 115 AD3d 1250, 1250-1251). Nor did the court abuse its discretion in denying defendant's request for new counsel on the motion to withdraw the guilty plea inasmuch as defense counsel did not take a position adverse to the motion (*see People v Rossborough*, 105 AD3d 1332, 1333, *lv denied* 21 NY3d 1045). Further, defense counsel's failure to join in the motion did not constitute ineffective assistance (*see People v Carpenter*, 93 AD3d 950, 952, *lv denied* 19 NY3d 863).

The contention in defendant's pro se supplemental brief that the court erred in imposing an enhanced sentence based upon an uncharged crime survives his waiver of the right to appeal (*see People v Williams*, 35 AD3d 1198, 1199, *lv denied* 8 NY3d 928). That contention lacks merit, however, inasmuch as "the record establishes that the court did not impose an enhanced sentence but in fact imposed the agreed-upon sentence" (*People v Ibrahim*, 48 AD3d 1095, 1095, *lv denied* 10 NY3d 864).

Entered: June 19, 2015                          Frances E. Cafarell
                                                Clerk of the Court