# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

541

KA 13-02011

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TYRONE L. GRAHAM, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered February 28, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived his right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256). We agree with defendant that County Court's statement to him that, " 'by pleading guilty, [he would] give up the right to allege [that] the police unlawfully collected evidence or did anything else illegal' was misleading to the extent that it improperly implied that defendant's right to challenge the suppression ruling on appeal was automatically extinguished upon the entry of his guilty plea" (*People v Braxton*, 129 AD3d 1674, 1675, *lv denied* 26 NY3d 965; *see People v Weinstock*, 129 AD3d 1663, 1663, *lv denied* 26 NY3d 1012). We conclude, however, that the court's "plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*Braxton*, 129 AD3d at 1675 [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal encompasses his contention that the court erred in refusing to suppress physical evidence (*see People v Kemp*, 94 NY2d 831, 833;

*Weinstock*, 129 AD3d at 1663).

Entered:  June 10, 2016

Frances E. Cafarell
Clerk of the Court