Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 4, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered because Supreme Court did not expressly inform him that a successful appeal of the court’s adverse suppression determination would result in complete dismissal of the indictment. We reject that contention. It is well settled that “ ‘[n]o particular litany is required for an effective waiver of the right to appeal’ ” (People v Fisher, 94 AD3d 1435, 1435 [4th Dept 2012], lv denied 19 NY3d 973 [2012]; see People v Kemp, 94 NY2d 831, 833 [1999]). We conclude that defendant’s responses during the plea colloquy and waiver colloquy establish that the waiver of the right to appeal was voluntarily, knowingly, and intelligently entered (see People v Griner, 50 AD3d 1557, 1558 [4th Dept 2008], lv denied 11 NY3d 737 [2008]). We further conclude that defendant’s valid waiver of the right to appeal encompasses his challenge to the court’s suppression ruling (see Kemp, 94 NY2d at 833; People v Graham, 140 AD3d 1686, 1687 [4th Dept 2016], lv denied 28 NY3d 930 [2016]).
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.