People v Dempsey (2021 NY Slip Op 04888)





People v Dempsey


2021 NY Slip Op 04888


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


668 KA 19-01368

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC DEMPSEY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (TYLER BUGDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered May 24, 2019. The judgment convicted defendant upon his plea of guilty of aggravated vehicular homicide (three counts), vehicular manslaughter in the first degree (three counts), vehicular manslaughter in the second degree (two counts), manslaughter in the second degree (two counts), unlawful fleeing a police officer in a motor vehicle in the first degree (two counts), unlawful fleeing a police officer in a motor vehicle in the third degree, aggravated driving while intoxicated, driving while intoxicated (two counts), reckless driving and aggravated unlicensed operation of a motor vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of, inter alia, three counts of aggravated vehicular homicide (Penal Law § 125.14 [1], [4]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of any of defendant's contentions, we nevertheless affirm the judgment.
By pleading guilty, defendant forfeited his contention that County Court erred in refusing to preclude evidence that he willfully refused to submit to a chemical test to determine the alcohol and drug content of his blood (see People v Sirico, 135 AD3d 19, 25-26 [2d Dept 2015], lv denied 27 NY3d 1075 [2016]).
Defendant further contends that the police violated his limited right to counsel, and that the court therefore erred in refusing to suppress the results of the chemical tests of two samples of defendant's blood. Although it survives the guilty plea (see CPL 710.70 [2]), we reject that contention because "both samples were properly obtained by law enforcement; the first sample was obtained by warrant after it had been collected by medical personnel for medical purposes, and the second sample was drawn from defendant pursuant to a court order" (People v Dell, 175 AD3d 1037, 1038 [4th Dept 2019], lv denied 34 NY3d 980 [2019]).
By failing to move to withdraw the plea or vacate the judgment of conviction, defendant failed to preserve his contention that his guilty plea was not knowing, voluntary, and intelligent based on an alleged Brady/Giglio violation (see People v Brown, 162 AD3d 1568, 1568 [4th Dept 2018], lv denied 32 NY3d 935 [2018]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). To the extent that defendant contends that the court erred in denying his motions to reopen the suppression hearing after the delayed disclosure of impeachment material, that contention is forfeited by the guilty plea (see People v Weinstock, 129 AD3d 1663, 1663-1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]; People v Fulton, 30 AD3d 961, 962 [4th Dept 2006], lv denied 7 NY3d 789 [2006]).
The sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions and conclude that they do not warrant modification or reversal of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court