People v Hill (2023 NY Slip Op 02253)

People v Hill

2023 NY Slip Op 02253

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

388 KA 18-01622

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLEMENT G. HILL, DEFENDANT-APPELLANT. 

MICHAEL PULVER, NORTH SYRACUSE, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered June 26, 2017. The judgment convicted defendant upon his plea of guilty of promoting a sexual performance by a child (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of five counts of promoting a sexual performance by a child (Penal Law § 263.15), defendant contends that his plea was involuntarily entered because Supreme Court failed to inform him during the colloquy that his attorney was correct in advising him that the period of postrelease supervision (PRS) imposed by the court here would merge with the period of PRS previously imposed on a prior felony conviction. As defendant correctly concedes, his contention is unpreserved for our review because he did not move to withdraw his plea or vacate the judgment of conviction (see People v Brown, 162 AD3d 1568, 1568 [4th Dept 2018], affd 32 NY3d 935 [2018]; People v Dempsey, 197 AD3d 1020, 1021 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]). We decline to exercise our power to review defendant's unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]), particularly in view of the fact that the periods of PRS did in fact merge as defendant was led to believe by his attorney.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court