People v Smith (2023 NY Slip Op 03645)

People v Smith

2023 NY Slip Op 03645

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

528 KA 22-00439

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUSTIN M. SMITH, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered March 3, 2022. The judgment convicted defendant upon a plea of guilty of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [8]), stemming from incidents where he purposely squeezed his three-month-old daughter, causing her to sustain numerous fractures. Defendant contends that he did not validly waive his right to appeal because "there is no basis [in the record] upon which to conclude that [County Court] ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v Barzee, 204 AD3d 1422, 1422 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]). Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid or that defendant's discovery contention would survive even a valid waiver, we nevertheless affirm the judgment.
Defendant contends that the court erred in denying that part of his omnibus motion seeking to strike the People's certificate of compliance on the ground that they violated their discovery obligations under CPL 245.20 (1) (k). By subsequently pleading guilty, however, defendant forfeited that contention because "the forfeiture occasioned by a guilty plea extends to claims premised upon, inter alia, . . . motions relating to discovery," such as the motion to strike at issue here (People v Salters, 187 AD3d 1677, 1677 [4th Dept 2020], lv denied 36 NY3d 975 [2020] [internal quotation marks omitted]; see People v Dempsey, 197 AD3d 1020, 1021-1022 [4th Dept 2021], lv denied 37 NY3d 1160 [2022]; see generally People v Hansen, 95 NY2d 227, 230 [2000]). Indeed, we note that defendant's contentions are based solely on violations of the discovery statute and are not constitutional or jurisdictional in nature (see Hansen, 95 NY2d at 230; cf. People v Wilson, 159 AD3d 1600, 1601 [4th Dept 2018]). We further note that, on appeal, defendant identifies no discoverable evidence that the People failed to disclose.
Finally, we conclude that the negotiated sentence is not unduly harsh or severe.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court