# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**728**

**KA 08-00229**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHAKEYMO HODGE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH (MICHAEL D. MCCARTNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered June 7, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (§§ 110.00, 220.39 [1]). Defendant contends in each appeal that his plea was not voluntarily, intelligently and knowingly entered because, inter alia, County Court failed to conduct a factual colloquy and failed to ensure that defendant understood his constitutional rights. Although defendant filed a pro se motion to withdraw his plea prior to sentencing, defendant voluntarily withdrew that motion before it was ruled upon by the court, and he did not thereafter move to vacate the judgments of conviction. Defendant therefore failed to preserve his contention for our review (*see People v Tantao*, 41 AD3d 1274, *lv denied* 9 NY3d 882; *People v Aguayo*, 37 AD3d 1081, *lv denied* 8 NY3d 981). We conclude that this case does not fall within the rare exception to the preservation rule set forth in *People v Lopez* (71 NY2d 662, 666), "inasmuch as nothing in the plea colloquy casts significant doubt on defendant's guilt or the voluntariness of the plea" (*People v Lewandowski*, 82 AD3d 1602, 1602). In any event, to the extent that defendant's contention is actually a challenge to the factual sufficiency of the plea colloquy, we note that, "where, as

here, [the] defendant pleads guilty to a crime less than that charged in the indictment, a factual colloquy is not required" (*People v Harris*, 233 AD2d 959, *lv denied* 89 NY2d 1094).

Defendant's further contention in each appeal that he was deprived of effective assistance of counsel survives his plea only to the extent " 'that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of [defense counsel's] allegedly poor performance' " (*People v Fomby*, 42 AD3d 894, 895).  Thus, although defendant contends that defense counsel was ineffective in several respects, only his contention that defense counsel failed to advise him properly with respect to his constitutional rights survives the plea, and that contention is belied by the record.  Finally, the sentence in each appeal is not unduly harsh or severe.

Entered:  June 17, 2011                    Patricia L. Morgan
                                           Clerk of the Court