# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**971**

**KA 11-00648**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

GARRETT WALKER, DEFENDANT-APPELLANT.

---

MILLER, WEINER & ASSOCIATES, P.C., KINGSTON (CAPPY WEINER OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered August 5, 2010. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that Supreme Court erred in refusing to suppress both initial oral statements and subsequent written statements that he made to the police. We reject that contention. With respect to the oral statements, we conclude that the court properly determined that defendant was not in custody at the time he made those statements (*see generally People v Morales*, 65 NY2d 997, 998). Indeed, the record of the suppression hearing establishes that a reasonable person, innocent of any crime, would not have believed that he or she was in custody during that time, given the circumstances of the initial interrogation (*see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Andrews*, 13 AD3d 1143, 1144).

Nor is there merit to defendant's contention that the *Miranda* warnings administered prior to his subsequent written statements were ineffective because his interrogation constituted a continuous chain of events. Given our agreement with the court that the initial oral statements to the police were not the subject of custodial interrogation, it cannot be said that the subsequent written statements were the result of a continuation of "custodial" interrogation.

We further conclude that the court did not err in refusing defendant's request to allow defendant to present the testimony of a false confessions expert.  It is well established that the admissibility of expert testimony is addressed primarily to the sound discretion of the trial court (*see People v Cronin*, 60 NY2d 430, 433), and here we conclude that the court properly determined that the expert did not possess a professional or technical knowledge that was beyond the ken of the average juror (*see People v Hicks*, 2 NY3d 750). Finally, we conclude that the court properly denied defendant's motion for a subpoena duces tecum seeking the victim's counseling records. The reason proferred by defendant for the motion was speculative, and thus "the quest for [the file's] contents [was] merely a desperate grasping at a straw" (*People v Gissendanner*, 48 NY2d 543, 550).

Entered:  September 30, 2011                Patricia L. Morgan
                                            Clerk of the Court