■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERIC C. CARPENTER, JR., Appellant. [939 NYS2d 658]—

Lahtinen, J.P. Appeals (1) from a judgment of the County Court of Cortland County (Ames, J.), rendered September 6, 2000, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree, and (2) from a judgment of said court (Smith, J.), rendered September 11, 2000, convicting defendant upon his plea of guilty of the crime of rape in the second degree.

While serving a sentence of five years of probation, defendant was charged in a 1998 indictment with sexual abuse in the second degree, rape in the second degree and endangering the welfare of a child. In 1999, he was charged in an indictment with unlawful imprisonment in the second degree, attempted sodomy in the first degree, sodomy in the first degree and sexual abuse in the first degree. Thereafter, defendant's probation was revoked and he was resentenced to a prison term of 4 to 12 years. Approximately nine months later, defendant pleaded guilty to sexual abuse in the first degree in satisfaction of the 1999 indictment in return for a prison term of three years, to be followed by five years of postrelease supervision, with the sentence to run concurrently with the sentence of 4 to 12 years imposed for his parole violation. Prior to sentencing, he moved to withdraw his plea. Subsequently, defendant pleaded guilty to rape in the second degree in satisfaction of the 1998 indictment agreeing to withdraw his motion to withdraw his plea relating to the 1999 indictment and accepting a prison term of 2 to 4 years to run concurrently with the other sentences. However, defendant again moved, pro se, to withdraw this plea prior to sentencing. Before this motion to withdraw his plea was argued, he appeared before County Court (Ames, J.) to be sentenced on his plea to the one count of the 1999 indictment.

At sentencing, defendant claimed that his motion to withdraw his plea in relation to the 1999 indictment was revived by his motion to vacate his plea regarding the 1998 indictment where he agreed to withdraw his motion to withdraw his plea to the 1999 indictment as part of that plea bargain. County Court rejected defendant's argument and proceeded to sentence him in accordance with the plea bargain. Five days later, County Court (Smith, J.) denied defendant's motion to withdraw his plea related to the 1998 indictment and imposed the agreed-upon concurrent prison term of 2 to 4 years. Defendant now appeals claiming that his guilty pleas were not voluntary, his motions to withdraw his pleas should have been granted or at least he should have been granted hearings, and he was denied the effective assistance of counsel.

With regard to the 1998 indictment, the record clearly reflects

a voluntary, knowing and intelligent plea without any indication of coercion. In fact, defendant stated during the colloquy that he had not been threatened or coerced into entering his plea. Accordingly, we find that the plea was properly entered and that Count Court did not abuse its discretion in denying the motion to withdraw his plea without a hearing (*see People v Waters*, 80 AD3d 1002, 1003 [2011], *lv denied* 16 NY3d 858 [2011], *reconsideration denied* 16 NY3d 864 [2011]; *People v Johnson*, 77 AD3d 986, 986-987 [2010], *lv denied* 16 NY3d 743 [2011]). We also reject defendant's contention that he was denied the effective assistance of counsel. The fact that counsel did not join in defendant's motion to withdraw the plea does not constitute ineffective representation (*see People v Murray*, 25 AD3d 911, 912 [2006], *lv denied* 6 NY3d 896 [2006]; *People v Bolden*, 289 AD2d 607, 609-610 [2001], *lv denied* 98 NY2d 649 [2002]). Defendant's remaining claims regarding ineffective assistance of counsel implicate matters outside the record and are more properly addressed in the context of a CPL article 440 motion (*see People v Lopez*, 74 AD3d 1498, 1499 [2010]).

We reach a similar conclusion regarding defendant's claim that his plea related to the 1999 indictment was not voluntarily entered. Although defendant moved to withdraw the plea, he subsequently withdrew the motion as part of the plea agreement related to the 1998 indictment and thereafter did not move to vacate the judgment of conviction. Accordingly, his claim is unpreserved for our review (*see People v Hodge*, 85 AD3d 1680, 1680 [2011]; *People v Terenzi*, 57 AD3d 1228, 1229 [2008], *lv denied* 12 NY3d 822 [2009]). Further, the narrow exception to the preservation rule is inapplicable here, inasmuch as defendant did not make any statements during the plea allocution that cast doubt upon his guilt or negated a material element of the crime (*see People v Wicks*, 83 AD3d 1223, 1224-1225 [2011], *lv denied* 17 NY3d 810 [2011]). Defendant's contention that he was denied the effective assistance of counsel implicates the voluntariness of his plea and, in light of his failure to move to vacate the judgment of conviction, is therefore similarly unpreserved for our review (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]). Further, the basis of his claim—that counsel did not adequately communicate with him and pressured him into pleading guilty—involves matters outside the record and is not properly the subject of a direct appeal (*see People v Bolden*, 78 AD3d 1419, 1420 [2010], *lv denied* 16 NY3d 828 [2011]; *People v Aubrey*, 73 AD3d 1393, 1394 [2010], *lv denied* 16 NY3d 893 [2011]).

Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgments are affirmed.