Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of attempted kidnapping in the second degree beyond a reasonable doubt (see People v Antonio, 58 AD3d 515, 516 [2009]; People v Cruz, 296 AD2d 22, 25 [2002]; People v Carter, 263 AD2d 958, 958-959 [1999]; People v Cassano, 254 AD2d 92, 92-93 [1998]). The defendant’s intent may be inferred from his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; see e.g. People v King, 85 AD3d 820 [2011]).
The defendant’s contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt of burglary in the second degree, unlawful imprisonment in the second degree, and endangering the welfare of a child is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally suf *700 ficient to establish the defendant’s guilt beyond a reasonable doubt of burglary in the second degree (see People v Occhione, 94 AD3d 1021 [2012]; People v Albanese, 84 AD3d 1107 [2011]), unlawful imprisonment in the second degree (see Matter of David H., 69 NY2d 792, 793 [1987]), and endangering the welfare of a child (see People v Smith, 69 AD3d 657 [2010]; People v Bray, 46 AD3d 1232, 1234 [2007]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant contends that the trial court erred in denying his Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) with respect to the prosecutor’s use of a peremptory challenge to exclude a certain person from the jury. The prosecutor provided a race-neutral explanation for excluding the prospective juror at issue (id. at 97). The trial court’s determination that this explanation was nonpretextual is entitled to deference on appeal and should not be disturbed where, as here, it is supported by the record (see People v Hernandez, 75 NY2d 350, 356-357 [1990], affd 500 US 352 [1991]; People v Dailey, 86 AD3d 579, 580 [2011]; People v Kaplan, 176 AD2d 821 [1991]).
The defendant’s contention that certain remarks made by the prosecutor during summation deprived him of the right to a fair trial is unpreserved for appellate review, as he either failed to raise any objections to the challenged remarks or failed to seek further relief after objections were sustained and curative instructions given (see CPL 470.05 [2]; People v Cummins, 59 AD3d 458 [2009]; People v Erskine, 90 AD3d 674, 675 [2011]). In any event, the challenged remarks were either fair comment, responsive to the defense’s summation, or within the bounds of permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109 [1976]; People v Canales, 88 AD3d 1007 [2011]; People v Cummins, 59 AD3d 458 [2009]).
In the context of this case, the Supreme Court providently exercised its discretion in precluding expert testimony on false confessions (see People v Bedessie, 19 NY3d 147 [2012]; People v Walker, 87 AD3d 1352 [2011]; People v Crews, 74 AD3d 983 [2010]).
*701 The defendant’s remaining contention is without merit. Balkin, J.E, Hall, Lott and Cohen, JJ., concur.