Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 6, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of marihuana in the fifth degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of marihuana in the fifth degree (§ 221.10 [2]). Defendant contends that Supreme Court erred in refusing to suppress tangible evidence and statements obtained by members of law enforcement following their warrantless search of his home. We reject that contention. At the suppression hearing, agents from the Drug Enforcement Administration (DEA) testified that they received a tip that defendant was operating a marihuana growing business in his home in the Town of Amherst. Following several months of investigating the allegation with inconclusive results, two agents approached defendant’s residence in plain clothes, and knocked on his front door in an effort to talk to him. From the front step, through an exterior glass door, the agents observed a quantity of electrical power cords running up the staircase to the second floor and marihuana leaves on defendant’s stairs. When defendant answered the door and stepped outside to speak with the agents, one of them informed him that they were with the DEA and were investigating criminal activity in the neighborhood. Defendant asked if it was about his neighbor’s “massage” business, and one of the agents responded that it was actually about defendant and drug activity. According to one of the agents, defendant pretended to be shocked, and the agent asked if there was anything in the house that defendant wanted them to know about. Defendant told the agents that he had a few marihuana plants inside, and the agents asked defendant if they could search the house. Defendant answered affirmatively and, as the agents stood on the front step outside of defendant’s home, one asked defendant to sign a consent to search form. The agent explained to defendant that consent to search meant that the agents could go inside his house and search without a warrant. Defendant agreed to sign the consent form, which contained an acknowledgment that he was asked by special agents from the DEA to consent to a search of his residence, he had not been threatened or forced in any way, and he freely consented to the search of his residence.
 

 “[A] consent to search is not voluntary unless ‘it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle’” (People v Packer, 49 AD3d 184, 187 [1st Dept 2008], affd 10 NY3d 915 [2008], quoting People v Gonzalez, 39 NY2d 122, 128 [1976]; see People v Kendrick, 147 AD3d 1419, 1420 [4th Dept 2017]). Whether consent is voluntary must be determined from the totality of the circumstances (see Schneckloth v Bustamonte, 412 US 218, 227 [1973]; People v McCray, 96 AD3d 1480, 1481 [4th Dept 2012], lv denied 19 NY3d 1104 [2012]), including whether the accused was in police custody at the time consent was given; whether he or she knew that consent could be refused; whether the police employed threats or other forms of coercion; whether the accused had prior dealings with the police; and whether the accused offered resistance or exhibited uncooperative behavior prior to consenting (see e.g. People v Caldwell, 221 AD2d 972, 972 [4th Dept 1995], lv denied 87 NY2d 920 [1996]).
 

 Here, defendant was not under arrest, handcuffed or in police custody at the time the consent was given, and the two agents were the only members of law enforcement who were present. There were no threats or promises made to induce defendant to consent to a search of his home, and there was no display of force or coercion. After defendant consented to the search, he secured his dog and took a seat in the living room to wait. He never asked the agents to stop or to leave his home, and he continued to cooperate even after the police discovered 56 marihuana plants and a loaded, stolen handgun inside the home. Defendant was cooperative and offered no resistance. He waived his Miranda rights and spoke to the agents and a detective, and he also signed a consent to destroy form that gave Amherst police the authority to dispose of his marihuana cultivation equipment. Defendant was 45 years old at the time, and he had prior contacts with the criminal justice system. We conclude that the record supports the court’s determination that the People met their heavy burden of establishing that defendant’s consent to search was voluntarily given. Although defendant testified that he never consented to a search, was physically restrained by the agents, was prevented from going back into his house, and was forced to sign a folded piece of paper without any knowledge of what he was forced to sign, we note that “[t]he suppression court’s credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record” (People v Hale, 130 AD3d 1540, 1541 [4th Dept 2015], lv denied 26 NY3d 1088 [2015], denied reconsideration 27 NY3d 998 [2016] [internal quotation marks omitted]). Defendant’s testimony is unsupported and refuted by all of the other evidence in the record, and we conclude that there is no basis to disturb the court’s determination to credit the testimony of the police witnesses over defendant’s testimony.
 

 By pleading guilty, defendant forfeited his contention that the evidence before the grand jury was legally insufficient (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Colon, 151 AD3d 1915, 1919 [4th Dept 2017]; People v Newkirk, 133 AD3d 1364, 1365 [4th Dept 2015], lv denied 26 NY3d 1148 [2016]). Defendant’s further contention that he was denied effective assistance of counsel “does not survive his guilty plea because there is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney [’]s allegedly poor performance” (People v Abdulla, 98 AD3d 1253, 1254 [4th Dept 2012], lv denied 20 NY3d 985 [2012] [internal quotation marks omitted]). Finally, we reject defendant’s contention that the period of postrelease supervision imposed is unduly harsh and severe.
 

 Present—Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.