Rumsey, J.
 

 Appeals (1) from a judgment of the County Court of Warren County (Hall Jr., J.), rendered November 9, 2015, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) from a judgment of said court, rendered January 18, 2017, which resentenced defendant for the crime of attempted assault in the second degree.
 

 During trial in September 2015, defendant pleaded guilty to the crime of assault in the second degree in satisfaction of two indictments and waived his right to appeal. At sentencing in November 2015, County Court denied defendant’s oral application to withdraw his plea and sentenced defendant, consistent with the plea agreement, to a prison term of four years to be followed by five years of postrelease supervision. The court later ascertained, however, that defendant’s sentence was illegal because the term of imprisonment imposed was less than that required by law for a second violent felony offender. In January 2017, with the explicit consent of the People and defendant, defendant’s conviction was reduced to attempted assault in the second degree and he was resentenced, nunc pro tunc, to 2 to 4 years in prison to be followed by five years of postrelease supervision. Defendant now appeals from both judgments.
 

 We reject defendant’s argument that County Court erred in summarily denying his motion to withdraw his guilty plea. “Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement. An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea’s voluntariness” (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]). Upon making his motion to withdraw his plea, defendant asserted that he was innocent, had received ineffective assistance of counsel due to a conflict of interest and that his ability to understand the plea agreement was impaired by medication. County Court found that defendant had received effective assistance from counsel, who had conducted a vigorous defense over five days of trial and obtained a plea offer that was advantageous to defendant because it allowed him to avoid a potential sentence upon conviction at trial of 25 years to life. The court further noted that the plea allocution established that defendant committed the crime and specifically found that the extent of the injury to the victim’s ear was documented by evidence adduced at trial, including a photograph. Moreover, the court’s determination that defendant was able to understand the proceedings is supported by the record. At the plea allocution, defendant denied having consumed alcohol or illicit drugs within the preceding 24 hours or to having taken any prescription medications that affected his mental capacity and stated that he understood the proceedings. He also had capably participated with his counsel throughout the five-day trial. Thus, County Court did not abuse its discretion in denying the motion without a hearing (see People v Pixley, 150 AD3d 1555, 1556 [2017], lv denied 30 NY3d 952 [2017]; People v Charleston, 142 AD3d 1248, 1249-1250 [2016]; People v Decker, 139 AD3d at 1116-1117).
 

 We further conclude that defendant was properly resen-tenced. Where, as here, the sentence imposed is illegal, the sentencing court has the discretion, without affording the defendant the opportunity to withdraw the plea, to reduce the sentence or the crime charged so that the sentence upon which the plea bargain was based can legally be imposed (see People v Collier, 22 NY3d 429, 433-434 [2013], cert denied 573 US —, 134 S Ct 2730 [2014]; People v Shells, 288 AD2d 504, 505-506 [2001], lv denied 97 NY2d 733 [2002]). In this case, County Court, with the consent of the People and defendant, properly reduced the charge from assault in the second degree to attempted assault in the second degree and imposed a sentence of 2 to 4 years, which was more favorable to defendant than the term of four years that was originally imposed pursuant, to the plea agreement.
 

 McCarthy, J.P., Egan Jr., Lynch and Rose, JJ., concur.
 

 Ordered that the judgments are affirmed.