People v Snow (2018 NY Slip Op 02217)





People v Snow


2018 NY Slip Op 02217


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108411

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LORENZO J. SNOW, Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Tracy Donovan-Laughlin, Oneonta, for appellant, and appellant pro se.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 14, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant pleaded guilty to burglary in the second degree in connection with a two-count indictment. Following entry of the plea, defendant moved for a reduction of bail on the charges in the underlying indictment and those pending in a separate indictment so that he could be present for the birth of his child. County Court denied the motion, prompting an outburst during which defendant contended that he had been coerced into
pleading guilty to the burglary charge. During sentencing on that charge, defendant moved to, among other things, withdraw his plea upon the ground that it was not knowingly entered because he had not taken his prescribed medication at the time of the allocution, a fact that he had informed County Court of prior to pleading guilty. County Court denied the motion without a hearing and sentenced defendant, in accordance with the plea agreement, to a prison term of four years followed by five years of postrelease supervision. Defendant now appeals.
We reject defendant's contention that County Court abused its discretion in denying his motion to withdraw the plea. "Whether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Jabot, 156 AD3d 954, 955 [2017] [internal quotation marks and citations omitted], lv denied ___ [*2]NY3d ___ [Feb. 28, 2018]; see People v Brown, 154 AD3d 1004, 1006 [2017], lv denied ___ NY3d ___ [Feb. 9, 2018]). Although defendant stated during the plea allocution that he had not taken his prescribed medication, he assured County Court, on more than one occasion, that he understood the proceedings and the rights that he would be giving up by pleading guilty. Moreover, the plea minutes belie defendant's assertion that he lacked the capacity to enter a plea, instead demonstrating that he was lucid and understood the ramifications of pleading guilty. As the record reveals that defendant entered a knowing, voluntary and intelligent plea, County Court did not abuse its discretion in denying his motion to withdraw (see People v Alexander, 97 NY2d 482, 486 [2002]; People v Wade, 110 AD3d 1113, 1114 [2013], lv denied 22 NY3d 1160 [2014]). Given this conclusion, defendant's ineffective assistance of counsel claim with respect to the alleged failure to investigate or raise his mental health status before the allocution is unavailing (see People v Ricketts-Simpson, 130 AD3d 1149, 1150-1151 [2015]; People v Mack, 90 AD3d 1317, 1322 [2011]).
Further, by pleading guilty, defendant forfeited his ineffective assistance of counsel claim relative to the CPL 710.30 motion pertaining to the underlying indictment, as "a defendant who enters a plea and admits guilt may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (People v Trombley, 91 AD3d 1197, 1201 [2012] [internal quotation marks and citations omitted], lv denied 21 NY3d 914 [2013]; see People v Kormos, 126 AD3d 1039, 1040 [2015]). Moreover, the claim does not directly involve the plea bargaining process or the decision to plead guilty (see People v Petgen, 55 NY2d 529, 534-535 [1982]; People v Turner, 40 AD3d 1018, 1019 [2007], lvs denied 9 NY3d 873, 882 [2007]).
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the judgment is affirmed.