People v Roberts (2018 NY Slip Op 04785)





People v Roberts


2018 NY Slip Op 04785


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
SHAWN ROBERTS, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Albany County (Herrick, J.), entered August 8, 2011, which partially granted defendant's motion pursuant to CPL article 440.20 to set aside the sentence following his convictions of the crimes of criminal possession of a controlled substance in the fifth degree and attempted criminal possession of a weapon in the third degree.
In 2003, defendant pleaded guilty in County Court to criminal possession of a controlled substance in the fifth degree (hereinafter the drug possession conviction) and to an unrelated charge of attempted criminal possession of a weapon in the third degree (hereinafter the weapon possession conviction). Defendant was originally sentenced by County Court to concurrent prison terms of 2 to 6 years for the drug possession conviction and three years followed by three years of postrelease supervision (hereinafter PRS) for the weapon possession conviction, the latter sentence imposed on the erroneous premise that it was a violent felony offense. In a subsequent unrelated matter in 2008, defendant was convicted of criminal sale of a controlled substance in the third degree (three counts), assault in the second degree and tampering with a witness in the third degree. Defendant was sentenced by Supreme Court (Breslin, J.) as a second violent felony offender, to an aggregate prison term of 37 years with various terms of PRS, which terms of imprisonment were reduced by this Court, in the interest of justice, to an aggregate prison term of 25 years (80 AD3d 787, 790-791 [2011], lvs denied 16 NY3d 860, 862 [2011]).
Defendant thereafter made the motion in issue here, pursuant to CPL 440.20, to set aside the 2003 sentences on the ground that the violent felony sentence imposed on the weapon possession conviction was unlawful, as that crime did not qualify as a violent felony. By order entered August 8, 2011, County Court granted the motion to the extent of resentencing defendant upon the weapon possession conviction to a prison term of 1 to 3 years as a nonviolent felony, to run concurrently with the undisturbed prison sentence for the drug possession conviction. Defendant did not, at that time, pursue an appeal as of right from the resentence (see CPL 460.10 [1] [a]). Based upon that resentencing, defendant then moved in Supreme Court to set aside the second violent felony offender sentences imposed in 2008. Supreme Court determined that the 2003 drug possession conviction properly served as a predicate felony for the 2008 convictions, and resentenced defendant on the 2008 convictions as a second (nonviolent) felony offender to a reduced aggregate prison term, which this Court affirmed (121 AD3d 1433 [2014], lvs denied 24 NY3d 1220, 1221 [2015]). Defendant now appeals from the August 2011 resentencing order of County Court, which partially granted his motion pursuant to CPL 440.20 to set aside the 2003 sentence.[FN1]
Defendant argues on appeal that when County Court resentenced him in 2011 on the 2003 weapon possession conviction to a nonviolent felony sentence to reflect that the crime was a nonviolent felony offense, the court should have also resentenced him on the 2003 drug possession conviction. We disagree. To begin, we note that, when this Court upheld defendant's predicate felony sentencing on the 2008 convictions based upon his 2003 drug possession conviction, we held that "there was no defect in the [2003] sentence upon the drug possession conviction" (121 AD3d at 1434). Further, during oral argument on his motion sub judice to set aside the 2003 sentences, defendant agreed with County Court's proposed resentence — to modify the sentence on the weapon possession conviction to a nonviolent felony sentence of 1 to 3 years, to be served, as originally imposed, concurrently with the undisturbed 2 to 6-year sentence on the drug possession conviction. Defendant's only objection was to the resentence being imposed nunc pro tunc, which merely gave the resentence retroactive effect to the 2003 sentencing date (see e.g. People v Jabot, 156 AD3d 954, 954-956 [2017], lv denied 30 NY3d 1116 [2018]). The court did not —— and had no reason to —— alter the 2003 sentence on the drug possession conviction, but merely reimposed it concurrent to the resentence on the weapon possession conviction. Defendant does not argue that the 2003 convictions should be vacated and did not seek that relief but, rather, limited his motion to a request for resentencing on both of the 2003 convictions. Defendant has not demonstrated that the court's refusal to set aside the sentence and resentence him on the 2003 drug possession conviction, which had already been served, was in error or could have any future collateral impact. Given that defendant has already served the entirety of his 2003 sentence as modified by the 2011 resentencing order, his challenge to the legality of the sentence is moot (see People v Baxter, 157 AD3d 1061, 1062 [2018], lv denied 31 NY3d 1011 [2018]).
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur. ORDERED that the order is affirmed.



Footnotes

Footnote 1: By orders dated March 1, 2016 and extended March 19, 2016, this Court granted defendant's motion for a writ of error coram nobis, permitting him to file a late notice of appeal from the order entered August 8, 2011.