People v Vargas (2019 NY Slip Op 03103)





People v Vargas


2019 NY Slip Op 03103


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

108393

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAMON L. VARGAS, Appellant.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


Allen E. Stone, Vestal, for appellant, and appellant
pro se.
Palmer Pelella, Special Prosecutor, Owego, for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered December 24, 2015, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to assault in the second degree. Thereafter, defendant made a pro se motion to withdraw his plea, claiming, among other things, that he was coerced by defense counsel into pleading guilty. County Court denied the motion without a hearing and then sentenced defendant as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of three years followed by five years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that County Court abused its discretion in summarily denying his motion to withdraw his guilty plea. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rests largely in the discretion of the [j]udge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks, brackets and citation omitted]; see People v Nealon, 166 AD3d 1225, 1226 [2018]; People v Jabot, 156 AD3d 954, 955 [2017], lv denied 30 NY3d 1116 [2018]). Here, the record belies defendant's contention that he was coerced into pleading guilty by defense counsel. Defendant stated during the plea colloquy that he had not been forced or coerced into pleading guilty and was entering the plea freely and voluntarily (see People v Jackson, 163 AD3d 1273, 1274 [2018], lvs denied 32 NY3d 1063, 1065 [2018]; People v Carpenter, 93 AD3d 950, 952 [2012], lv denied 19 NY3d 863 [2012]). Contrary to defendant's contention, defense counsel's frank advice regarding the strength of the People's case against defendant and the potential increased sentencing exposure did not amount to coercive or threatening conduct (see People v Schluter, 136 AD3d 1363, 1364 [2016], lv denied 27 NY3d 1138 [2016]; People v Mohammed, 208 AD2d 1118, 1119 [1994], lv [*2]denied 85 NY2d 941 [1995]). In addition, defense counsel negotiated a favorable plea agreement with the statutory minimum sentence (see Penal Law §§ 70.02 [1] [c]; 70.06 [6] [c]; 120.05 [3]), and nothing in the record reflects that defendant received less than meaningful representation (see People v Jackson, 163 AD3d at 1274). Morever, in denying the motion to withdraw, County Court found it significant that defendant offered to withdraw the motion in exchange for a more lenient sentence. Under these circumstances, we find that County Court did not abuse its discretion in denying, without a hearing, defendant's motion to withdraw his plea (see id. at 1275; People v Jabot, 156 AD3d at 955; People v Carpenter, 93 AD3d at 952). Defendant's remaining contentions raised in his pro se brief are without merit.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.