People v Favors (2020 NY Slip Op 00968)





People v Favors


2020 NY Slip Op 00968


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1262 KA 17-01069

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEROY FAVORS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael M. Mohun, A.J.), rendered April 21, 2017. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, assault in the second degree, and attempted aggravated sexual abuse in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]), assault in the second degree (§ 120.05 [2]), and attempted aggravated sexual abuse in the third degree (§§ 110.00, 130.66 [1] [a]). We affirm.
Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). There is no basis for disturbing the jury's credibility determinations "notwithstanding minor inconsistencies in the testimony of the People's witnesses" (People v Sommerville, 159 AD3d 1515, 1516 [4th Dept 2018], lv denied 31 NY3d 1121 [2018]).
We reject defendant's contention that the court erred in refusing to suppress evidence seized from his apartment. Contrary to defendant's assertion, his written consent to search his apartment was not rendered involuntary by the fact that he was seated in a police car in close proximity to several police officers when he signed the consent form (see People v Evans, 157 AD3d 716, 717 [2d Dept 2018], lv denied 31 NY3d 1147 [2018]; People v Fioretti, 155 AD3d 1662, 1663 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; see also People v McDonald, 173 AD3d 1633, 1634-1635 [4th Dept 2019], lv denied 34 NY3d 934 [2019]). Moreover, at the time he signed the consent form, defendant was not handcuffed; was not under arrest; had not been subjected to threats, promises, or other coercive tactics; and had been informed of his right to refuse consent (see generally Fioretti, 155 AD3d at 1663).
Defendant argues that County Court erred in precluding him from introducing evidence concerning a pair of underwear recovered from the crime scene. Defendant sought to introduce such evidence in order to highlight the fact that his DNA was not found on the underwear. We agree with defendant that the court erred in invoking the Rape Shield Law (CPL 60.42) to preclude the evidence inasmuch as the absence of defendant's DNA from the underwear did not constitute "[e]vidence of a victim's sexual conduct" (id.). We nevertheless agree with the court's alternative rationale that the evidence was irrelevant inasmuch as the underwear did not contain DNA from either the victim or defendant. Thus, the evidence had "no logical connection" to any issue in the case (People v Bent, 160 AD2d 1176, 1178 [3d Dept 1990], lv denied 76 NY2d 937 [1990]).
Contrary to defendant's further contention, whether to admit or controvert the allegations in a predicate felony statement is a "fundamental" decision "comparable to how to plead and whether to waive a jury, take the stand or appeal," and it is "therefore reserved to the accused" personally (People v Colville, 20 NY3d 20, 28 [2012]; see also McCoy v Louisiana, — US &mdash, &mdash, 138 S Ct 1500, 1509 [2018]; see generally CPL 400.15 [4], [5]; 400.16 [2]). Thus, the court did not violate defendant's right to counsel by accepting his personal decision to controvert the allegations in the People's predicate felony statement notwithstanding defense counsel's contrary views and advice (cf. Colville, 20 NY3d at 32). Defendant's related assertion that defense counsel was ineffective for failing to adequately apprise him of the ramifications of contesting the predicate felony statement is belied by the record (see People v Hodge, 85 AD3d 1680, 1681 [4th Dept 2011], lv denied 18 NY3d 883 [2012]).
The sentence is not unduly harsh or severe. Defendant's remaining contentions do not require reversal or modification of the judgment.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court