People v Rodriguez (2020 NY Slip Op 07777)





People v Rodriguez


2020 NY Slip Op 07777


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


973 KA 16-01475

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH RODRIGUEZ, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered July 1, 2016. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), defendant challenges Supreme Court's refusal to suppress the drugs and paraphernalia discovered inside a locked bedroom at his home. We affirm.
As the court correctly determined, defendant's statement to law enforcement to "do what you gotta do," paired with his additional statement to the effect of either "go ahead and open that door" or "you can go in there," constituted the requisite "unequivocal" consent to search the locked bedroom (People v Gonzalez, 39 NY2d 122, 128 [1976]; see e.g. United States v Franklin, 2006 WL 662016, *3 [D Mass, Mar. 15, 2006], affd 630 F3d 53 [1st Cir 2011], cert denied 563 US 998 [2011]; see also United States v Broadnax, 623 Fed Appx 335, 336 [9th Cir 2015], cert denied — US &mdash, 136 S Ct 2038 [2016]; United States v Antone-Herron, 593 Fed Appx 960, 964 [11th Cir 2014]). Moreover, the testimony at the suppression hearing supports the court's determination that defendant's consent was voluntary under the circumstances (see People v Favors, 180 AD3d 1375, 1375 [4th Dept 2020], lv denied 35 NY3d 969 [2020]; People v Gray, 152 AD3d 1068, 1070 [3d Dept 2017], lv denied 30 NY3d 980 [2017]; see generally Gonzalez, 39 NY2d at 127-130). Contrary to defendant's contention, his consent was not rendered involuntary by the parole officer's promise to seek judicial authorization for the search should defendant refuse consent (see People v Storelli, 216 AD2d 891, 891 [4th Dept 1995], lv denied 86 NY2d 803 [1995]).
Defendant's challenge to his own authority to authorize the search of the locked bedroom is unpreserved for appellate review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Walters, 124 AD3d 1321, 1322 [4th Dept 2015], lv denied 25 NY3d 1209 [2015]). The parties' remaining arguments, which all relate to a potential alternative ground for affirmance, are academic in light of our determination.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court