People v Martin (2021 NY Slip Op 04847)





People v Martin


2021 NY Slip Op 04847


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


561 KA 19-00777

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DYDISCI MARTIN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered March 22, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that County Court erred in admitting in evidence a swab containing DNA. The testimony at trial established that the change in the swab's packaging was not " 'a material and prejudicial change in the condition or nature of the [swab]' " (People v Jordan, 154 AD3d 1176, 1178 [3d Dept 2017], quoting People v Julian, 41 NY2d 340, 344 [1977]), and any deficiencies in the chain of custody went to the weight, not the admissibility, of the evidence (see People v Cleveland, 273 AD2d 787, 788 [4th Dept 2000], lv denied 95 NY2d 864 [2000]).
We likewise reject defendant's contention that the court erred in refusing to suppress evidence seized pursuant to a warrantless search of his vehicle. Contrary to defendant's contention, the record establishes that he voluntarily provided the police with written consent to search his vehicle (see People v Fioretti, 155 AD3d 1662, 1663 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]).
Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence, notwithstanding the fact that the People's case was based largely on circumstantial proof (see People v Hernandez, 79 AD3d 1683, 1683 [4th Dept 2010], lv denied 16 NY3d 895 [2011]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's additional contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that the court erred in failing to excuse for cause a prospective juror (see People v Stepney, 93 AD3d 1297, 1297-1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant's contention that the court improperly imposed an enhanced sentence lacks merit because the court did not impose an enhanced sentence (cf. People v Burns, 279 AD2d 586, 587 [2d Dept 2001]; People v Campbell, 271 AD2d 63, 69-71 [4th Dept 2000], lv denied 95 NY2d 967 [2000]). Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court