People v Post
2026 NY Slip Op 03580
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUSTIN POST, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
387 KA 23-00848
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

NATHANIEL L. BARONE, II, PUBLIC DEFENDER, MAYVILLE (MATTHEW B. SCHUTTE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (DANIEL C. GARD OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered April 10, 2023. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (six counts).
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of six counts of predatory sexual assault against a child (Penal Law former § 130.96). We affirm.
We reject defendant's contention that County Court erred in refusing to suppress evidence seized pursuant to warrantless searches of his electronic and digital devices. Contrary to defendant's contention, the record establishes that he voluntarily provided investigators with written consent to search those devices (see People v Martin, 197 AD3d 955, 955 [4th Dept 2021], lv denied 37 NY3d 1162 [2022]; People v Fioretti, 155 AD3d 1662, 1662-1664 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]; see generally People v Gonzalez, 39 NY2d 122, 127-130 [1976]).
Defendant further contends that the court erred in refusing to suppress the statements that he made to investigators when he first met with them outside of his residence before he received Miranda warnings and that the court also should have suppressed his subsequent post-Miranda statements and other evidence as the fruit of an unlawful custodial interrogation. We reject that contention. The court properly concluded that defendant was not in custody inasmuch as the record of the suppression hearing established that "a reasonable person, innocent of any crime, would not have believed that [they were] in custody during that time, given the circumstances of the initial [interview]" (People v Walker, 87 AD3d 1352, 1352 [4th Dept 2011], lv denied 18 NY3d 862 [2011]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]).
Defendant next contends that the court, in its Molineux ruling, erred in refusing to require redaction from recordings of defendant's second interview with law enforcement of his references to having made, possessed, and exchanged child pornography. We conclude that the court properly permitted the admission in evidence of those references. The references were " 'inextricably interwoven with the charged crimes, provide[d] necessary background [and] complete[d] [the] narrative' " of the events charged in the indictment, particularly considering the evidence that defendant recorded his sexual activity with certain victims and showed child pornography to at least one victim in an effort to coax that victim into performing the same sexual act depicted therein (People v Sorrell, 108 AD3d 787, 792 [3d Dept 2013], lv denied 23 NY3d 1025 [2014]; see People v Watkins, 224 AD3d 1342, 1344-1345 [4th Dept 2024], lv denied 41 NY3d 986 [2024]). Moreover, " 'the probative value of the Molineux evidence outweighed the prejudicial effect, which was minimized by the court's repeated limiting [*2]instructions to the jury' " (Watkins, 224 AD3d at 1345; see Sorrell, 108 AD3d at 792). We further conclude that any error with respect to the admission of Molineux evidence is harmless inasmuch as "[t]he evidence of defendant's guilt is overwhelming . . . and there is no significant probability that the jury would have acquitted defendant if the allegedly improper Molineux evidence had been excluded" (People v Casado, 99 AD3d 1208, 1211-1212 [4th Dept 2012], lv denied 20 NY3d 985 [2012]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Finally, defendant contends that the court committed reversible error by admitting in evidence at trial a recording of the second interview. The second interview included a lengthy polygraph examination to which defendant voluntarily submitted and during which he made inculpatory statements, and defendant contends that the mere disclosure that he underwent a polygraph examination was unduly prejudicial. We reject that contention. The court properly precluded the People from introducing evidence concerning the results of the polygraph examination (see generally People v Leone, 25 NY2d 511, 517 [1969]), and the court further provided a limiting instruction to the jury that evidence regarding defendant's performance on the polygraph examination was inadmissible and that the jury was prohibited from speculating about any such evidence (see People v Meyers, 182 AD3d 1037, 1039 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]; see generally People v Deskovic, 201 AD2d 579, 580 [2d Dept 1994], lv denied 83 NY2d 1003 [1994]). Further, we conclude that any error in the admission of the recording of the second interview was harmless under the circumstances of this case (see People v Strzelecki, 108
AD3d 644, 645 [2d Dept 2013], lv denied 22 NY3d 959 [2013]; see generally Crimmins, 36 NY2d at 241-242).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court